UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FELIX BURGOS<br>    Plaintiff,<br><br>v.<br><br>STEPHANO VISCO,<br>    Defendant. | Docket No. 21-CV-10953<br><br>**COMPLAINT AND<br>JURY DEMAND** |

## INTRODUCTION

1. This is an action for money damages for violations of the Plaintiff's constitutional rights brought pursuant to 42 U.S.C. § 1983 and related state law. Plaintiff Felix Burgos alleges that the defendant illegally detained him and used excessive force against him in violation of the Fourth and Fourteenth Amendments to the United States Constitution and the Massachusetts Civil Rights Act, M.G.L. c. 12, § 11I. As a result of the Defendant's unlawful conduct, the Plaintiff sustained serious injuries, including a torn rotator cuff, bruises, abrasions, cervical strain, and emotional distress.

## JURISDICTION

2. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this court to entertain related claims arising under state law.

## PARTIES

3. At all times relevant to this action, Plaintiff Felix Burgos was a resident of Waltham, MA.

4. Defendant Visco is a police officer for the Waltham Police Department, was acting under color of law at all times relevant to this Complaint, and is sued in his individual capacity as a police officer for the Waltham Police Department.

## FACTS

5. Felix Burgos was born in the Dominican Republic and came to America in 1992 at 19 years of age. He immediately began working for a company contracted by the state to conduct water treatment and clean and repair inter and intra-state water pipes. Mr. Burgos was a proud member of the pipe-fitters union.

6. After working for 18 years, Mr. Burgos was the victim of a tragic accident on a job site in 2010, which caused him to become disabled. His supervisor lost control of a tractor and crushed him between the vehicle and a utility cart. Mr. Burgos suffered a broken left clavicle, needed several surgeries on his knee, and sustained damage to his back including herniated disks. He devoted himself for the next decade to recovering physically and emotionally from this tragic accident and was making significant progress up until the date of the incident that is the subject of this complaint.

7. On April 19, 2020, Mr. Burgos was driving back to his home in Waltham. While driving, he noticed that there were multiple individuals in a parked car that belonged to him. He was nervous so he made no indication that he had seen the men and continued driving. He then called the police and reported the incident.

8. An officer, Defendant Visco responded to the scene and Mr. Burgos flagged him down several blocks away. Mr. Burgos told him that he had placed the 911 call and explained the situation to him. The officer listened to him and headed to the scene. Meanwhile, Mr. Burgos also headed back to the scene. He went around the block so he could have a view of the situation.

9. The men in Mr. Burgos' car appeared to notice that something was not right. They jumped out of the car and began to run towards a nearby building. Mr. Burgos got out of his car to see where they were going, so that he could direct the officer, in case the officer did not see exactly where they went.

10. At this point the Defendant Visco, who Mr. Burgos had just spoken to, arrived on the scene. Mr. Burgos communicated to the Defendant that the suspects had run into the woods behind a building. Inexplicably, the Defendant responded by tackling Mr. Burgos to the ground.

11. Once he had Mr. Burgos on the ground, Defendant Visco began to beat Mr. Burgos. Mr. Burgos was unable to defend himself. The Defendant punched Mr. Burgos in the face and ribs multiple times. Throughout the beating while still conscious, Mr. Burgos begged the Defendant to stop, attempting to explain that he had placed the call, that he had just spoken to him, and that he suffered multiple physical disabilities. Mr. Burgos eventually blacked out. Mr. Burgos can recall multiple blows to his face, torso and limbs.

12. After he finished brutalizing Mr. Burgos, the Defendant placed Mr. Burgos in handcuffs and sat him on the curb. Shortly after, a superior officer arrived and

asked Mr. Burgos to explain what had happened. Upon hearing that Mr. Burgos was the man who had initially placed the call, the superior officer had the Defendant release Mr. Burgos. The officers then spent the next half an hour attempting to persuade Mr. Burgos not to go to the hospital, despite the fact that Mr. Burgos was very seriously injured. At the time, he felt unable to stand up from the curb. Eventually, he was placed into an ambulance and taken to the hospital.

13. In the emergency room he was treated for injuries related to this assault, including contusions to his shoulder and ribs, abrasions, and cervical strain, and swelling to his knee.

14. The next day the pain to his right shoulder became more severe and, after an x-ray he was diagnosed with a tear to his right rotator cuff.

15. Mr. Burgos had to undergo rotator cuff surgery several months later. Rotator cuff surgery and the attendant recovery and rehabilitation are immensely painful and arduous.

16. During his multiple-month recovery, he struggled with basic tasks such as showering, dressing, writing, and putting on shoes.

17. At the time of the incident, Mr. Burgos was in relatively good health. Ten years after the 2010 accident that rendered him unable to work, Mr. Burgos's back was becoming stronger, and he felt that he had turned a corner in his recovery.

18. Mr. Burgos, who also experienced psychological trauma as a result of the debilitating 2010 incident, was also feeling emotionally more stable.

19. Since this violent incident, Mr. Burgos's old injuries, particularly his back, have been reaggravated. The shoulder that the Defendant injured was Mr. Burgos's right shoulder -- his only remaining good shoulder, as his previous work-place injury had impacted his left shoulder. Mr. Burgos fears it may be years before he can regain the quality of life he had worked very hard to regain before the Defendant attacked him.

20. Mr. Burgos also suffered severe emotional distress because of the incident. He lost trust in the police, struggled to sleep, and became increasingly anxious and depressed.

## COUNT I
## VIOLATION OF 42 U.S.C. § 1983

21. Plaintiff restates the allegations in paragraphs 1 through 20 and incorporates said paragraphs herein as paragraph 21.

22. By the actions described above in paragraphs 1 through 20, the Defendant, acting under color of law, deprived the Plaintiff of his right to be free from unlawful seizure and the use of excessive force, in violation of 42 U.S.C. § 1983 and his Fourth and Fourteenth Amendment rights as guaranteed by the United States Constitution.

## COUNT II
## VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT
## M.G.L. c. 12, § 11I

23. Plaintiff restates the allegations in paragraphs 1 through 22 and incorporates said paragraphs herein as paragraph 23.

24. By the actions described above in paragraphs 1 through 22, the Defendant violated the Plaintiff's civil rights through threats, intimidation, and coercion, in violation of M.G.L. c. 12, § 11I.

**WHEREFORE,** the Plaintiff requests that this Court award:

1. Compensatory damages;
2. Punitive damages;
3. The costs of this action, including reasonable attorneys' fees; and,
4. Such other and further relief as this Court may deem necessary and appropriate.

## DEMAND FOR JURY TRIAL

A jury trial is hereby demanded.

**DATED**: June 7, 2021

    Respectfully Submitted
    **FELIX BURGOS**
    By his attorneys,

    /s/ Jessica Hedges
    Jessica D. Hedges
    BBO No. 645847
    Michael Tumposky
    BBO No. 660618
    Hedges & Tumposky, LLP
    50 Congress Street, Suite 600
    Boston, MA 02109
    T) (617) 722-8220